The Honorable District Judge Hernandez
United States District Court
District of Oregon

FILED 24 APR '23 09:44 USDC-ORP

Eugenia Song, Plaintiff
v. Peter Coleman, Defendant

Case 3:23-cv-00407

Amended Complaint

Your Honor:

Pursuant to the Opinion and Order dated by the Court on April 21, 2023, enclosed herein are two (2) copies of a Second Amended Complaint.

Thank you for the consideration.

Respectfully submitted,

Eugenia Song

United States District Court
District of Oregon

Eugenia Song, Plaintiff

v. Peter Coleman, Defendant

Case 3:23-cv-00407

If it pleases the Court, Plaintiff would like to submit a Second Amended Complaint. Request to strike from the record to re-submit a new complaint from motion for injunction and will submit a second amended complaint herein.

Plaintiff hopes this submission is neither "reckless" nor "frivolous" and would like to quote Aristotle's Nicomachean Ethics that a virtuous moral mean, neither excessive nor deficient, is ideal.

There were two requests for documents that were sent to the Department of Defense during the weeks of April 10 and April 17 in regards to this complaint with more information still forthcoming.

I, Eugenia Song, plaintiff, sue Peter Coleman, defendant for violations against her personhood with counts contained herein.

Jurisdiction and Venue

1. Eugenia Song is a resident of Portland, Oregon and Texas. Personal jurisdiction of Oregon is requested. Plaintiff has maintained a cell phone area code of Oregon for nearly thirty (3) years, except two years.

2. Regarding specific personal jurisdiction "The U.S. Supreme Court in Ford Motor Co. v. Montana Eighth Jud. Dist. Ct. held that when a company "serves a market for a product in a state and that product causes injury in the state to one of its residents," the state's courts have specific personal jurisdiction to hear the case. The main legal issue was whether state courts have specific personal jurisdiction over a corporate defendant that has purposefully availed itself of doing business in a forum state but has not directly caused the plaintiff's injuries in that state through its forum conduct. Before Ford Motor Co., plaintiffs had not prevailed in a personal jurisdiction case before the Supreme Court since the 1980s." - Federal Register

3. Peter Coleman is a resident of Westchester County, New York.

Parties

4. Plaintiff would like to respectfully submit to the court a request to remove Columbia University as a defendant to this Complaint.

5. Mr. Coleman's background can be found on Teachers College's website.

Relationship

6. Mr. Coleman was a professor for an introductory social-psychology class at Teachers College, at which the plaintiff was a student, in 2011. There has been no agreed upon, or contractual, working contact or social contact since the plaintiff separation from the degree program in 2013.

Background

7. Mr. Coleman is director of the International Center for Conflict and Cooperation Resolution ("ICCCR") at

Teachers College.

8. Based on first hand knowledge, Plaintiff asserts that the ICCR has virtually no staff and no academic conferences.

9. Plaintiff asserts that the students who served as research assistants to Mr. Coleman were largely Asian-American women, which is material to this complaint.

10. Plaintiff asserts that based on first hand knowledge, Defendant previously was a theater actor in South Korea, prior to becoming a psychology research scientist at Teachers College, which is material to this complaint.

Facts

11. Plaintiff asserts that defendant attempted to have plaintiff suspended academically from the degree program in which she was enrolled after completing defendant's introductory course. It required three escalations to extract a grade for the class which removed the issue.

12. Plaintiff asserts that a course called "Conflict Resolution" was overseen by defendant's research center, and the material from this class included verbal complaints with other female students about their mothers-in-law, which constituted the course content and class exercises.

13. Plaintiff asserts that Mr. Coleman from his home in Westchester County, accessed plaintiff home computer out-of-state beginning approximately two (2) weeks post-separation from Teachers College in November 2013. Plaintiff does not have first hand knowledge but believes Mr. Coleman watched her computer for three (3) months from his home.

Count 1 - Violation of Statute 140 - Negotiable Instrument

14. In 2016, Plaintiff's former employer attempted to include the material from her home computer in 2013 which was accessed under fradulent claims in a tax-exempt bond financing "Master Trust Indenture." The bond counsel, Orrick Herrington and Sutcliff opined against it, and it was fraudulent with reckless intent.

15. Wherefore, Plaintiff prays for relief.

Count 2 - Violation of Statute 195 - Contract Product Liability

16. Plaintiff asserts that students are generally party to a contract with his or her university, and the academic degree is the "consumer product." Universities have an implied obligations of good faith and fair dealing (see discussion of Behrend v. State of Maryland, 379 N.E.2d 617 (1979). This was violated when the defendant attempted to have the plaintiff suspended from the school for an incomplete introductory psychology class.

17. Furthermore, Section 646A.412(1) of the Oregon Lemon Law provides: (2) If a consumer brings an action under ORS 646A.400 to 646A.418 against a
manufacturer and the consumer is granted one of the remedies specified in ORS 646A.404(1) by the court, the consumer shall also be awarded three times the amount of any damages, not to exceed $50,000 over and above the amount due the consumer under 646A.404{1), if the court finds that the manufacturer did not act in good faith.

Plaintiff asserts that Mr. Coleman did not act in good faith.

18. In addition, Oregon lemon law Sections 646A.034 and 646A.036 (delivery to buyer) were violated.

19. Wherefore, Plaintiff demands judgment against the Defendants for damages and prays for relief as deemed proper by the Court.

Count 3 - Violation of Statute 365 - Personal Injury

20. Plaintiff incorporates by reference cases 3:23-cv- (v. Landers) and 3:23-cv- (v. Burke).

21. Wherefore, Plaintiff demands judgment against the Defendants for damages and prays for relief as deemed proper by the Court.

Count 4 - Violation of Statute 880 - Misappropriation of Trade Secrets Under the Federal Defend Trade Secrets Act

22. Defendant forwarded e-mails to a former employer, who is a healthcare company without the Plaintiff knowledge or consent.

23. These email were laterconsidered by the employer to be a trade secret or intellectual property issue. While common for graduate students, the nature of the harrassment claim was such that there were related suits in New York state. Plaintiff did not have any knowledge of this interaction nor would have consented.

24. Plaintiff asserts that this was misappropriation of trade secrets, and through reading my emails Mr. Coleman gained unfair insight into strategies and performance which later cost Plaintiff her job.

25. Furthermore, Mr. Coleman's misappropriation of trade secrets was accomplished through improper means, including, without limitation, a breach of his duty to maintain secrecy that was implied.

26. Mr. Coleman has used, and upon information and belief, will continue to use, trade secret information without consent, which has damaged, and will irreparably harm, Plaintiff.

27. Plaintiff asserts that Mr. Coleman was asked to remove her name from his ICCR website on two (2) separate occassions during her tenure at Teachers College, as there was no work related interaction.

28. Wherefore, Plaintiff demands judgment against the Defendants for damages and prays for relief as deemed proper by the Court.

Verification

I, Eugenia K. Song, declare under penalty of perjury pursuant to 28 USC 1746 that I have read the foregoing Second Amended Complaint and have personal knowledge of the facts and matters contained therein, and that the facts and matters contained therein are true and correct.

*[signature]*

Name: Eugenia K. Song
Dated April 21, 2023

Respectfully submitted,
Eugenia K. Song
Telephone: (503) 575-5298

Please see the enclosed.

Facts, as Amended to Amended Complaint Dated April 21, 2023

29. Plaintiff asserts that in April 2013, while still a student at Teachers College, Defendant made an irresponsible comment alluding to Plaintiff as "criminally insane" on website Huffington Post, in the days following a formal complaint to school administration. This is a materially relevant, as Mr. Coleman has continued defamation since that time.

30. Plaintiff asserts that Mr. Coleman caused involuntary separation from corporate employer during the week of April 7, 2022 (8.5 years later). It was through a phone call made by a close associate working for Defendant.

31. Teachers College and Columbia University campus security was called by cell phone on over ten occasions by Plaintiff under school ID uni "eks2123" since separation, in regards to the Defendant's stalking behavior. No investigation was ever conducted, although it was recommended by campus police.

32. Local district (Morningside Heights) police was contacted by e-mail and phone on over four occasions by Plaintiff in regards to the Defendant's stalking behavior. Responding officer recommended filing for an order of protection in New York State court during the Christmas holiday in 2022, or four months ago.

33. Due to threats and recently escalating harassment, in relation to civil complaint, Plaintiff submitted a request to Multnomah County Courthouse in March 2022 for a civil restraining order from Defendant. It was denied at the time, but if it pleases the Court, I would like to resubmit.